## RICHTER v WHEELING & LAKE ERIE RAILWAY CO

Ohio Appeals, 9th Dist, Lorain Co

No 696. Decided July 17, 1934

Stevens & Stevens, Elyria, and Cyril J. Maple, Elyria, for plaintiff in error.

Squire, Sanders & Dempsey, Cleveland, and H. C. Johnson, Elyria, for defendant in error.

## OPINION

PER CURIAM

A judgment cannot be entered upon such special findings unless the facts therein found justify a verdict for the defendant and such facts are clearly irreconcilable with the general verdict; and if the answers to the questions submitted to the jury are, upon any reasonable hypothesis, consistent with the general verdict, the general verdict cannot be disregarded and a judgment entered upon the special findings of the jury. In determining whether the special findings of the jury are inconsistent with the general verdict, the trial court is not permitted to take into consideration the evidence in the case, and in determining whether the trial court committed error in granting said motion, this court is not permitted to look to the evidence in the case. In determining whether the trial court was in error, we can consider only the issues made by the pleadings, and the general verdict and the special finding.

We find from the pleadings that there was an issue as to whether the defendant was negligent in failing to give any notice or warning of the presence and existence of said railroad crossing at the time and place and under the circumstances in question; we find that by the general verdict the jury found that the defendant was guilty of negligence, which, of course, may have been the negligence raised by said issue alone or in connection with any or all of the other acts of negligence alleged in the petition; we also find that, by the answer to the first question, the jury again said that the defendant was negligent, which, of course, is perfectly consistent with the general verdict; we further find, from the answer to the second question, that the jury found that at least one act of negligence on the part of defendant consisted in the manner of placing the sign which was designed to warn travelers of the presence of said crossing, the finding being that said sign was placed "too far

away from the road on the day of the accident," which again, on its face, is perfectly consistent with the general verdict and responsive to the issue made in the pleadings as to whether the defendant was negligent in the matter of giving warning or notice to travelers upon the highway of the presence and existence of said railroad crossing.

Confining ourselves to the matters we are permitted to consider upon this question, we can find no inconsistency whatever between the special findings of the jury and the general verdict of the jury; in fact, they are in all respects perfectly consistent.

The only inconsistency attempted to be demonstrated in argument is based upon two propositions:

First, that the answer to the second question should be interpreted as meaning that the only negligence which the jury found was in reference to said sign.

However, such a construction is not permissible upon the question we are now determining; on the contrary, it was the duty of the trial court, and it is our duty, to construe the answer as consistent with the general verdict, if the circumstances will reasonably permit us to do so.

Second, it is urged that the sign referred to in answer No. 2 is one that the railroad company is not required to maintain, and in fact is one that was installed and maintained by the highway department of the state of Ohio, and with which the defendant had no connection whatever.

But such claim cannot be made except by reference to a consideration of the evidence introduced in the case, and that, as we have said, is not permissible, either by the trial or a reviewing court.

Our conclusion is that the trial court was clearly in error in disregarding the general verdict and dismissing plaintiff's petition, and that such error affected a very substantial right of the plaintiff and was highly prejudicial to the plaintiff.

We come now to the other question argued in the case, and that is that, notwithstanding such error, the judgment dismissing plaintiff's petition should not be reversed for the reason that a consideration of the evidence in the case warrants the conclusion that the trial court should have granted the motion of the defendant for a directed verdict in its favor at the close of all the evidence, because the evidence warrants the conclusion that the defendant was not negligent in any of the particulars claimed by plaintiff, and if it was negligent, that such negligence was not a proximate cause of plaintiff's injuries,

At the outset of this question, it should be noted that the judgment of the trial court was not upon the general verdict, which would embrace a consideration of the matters referred to, but, on the contrary, was upon the special findings, which in no way involved a consideration of such matters, and having found that the trial court was in error in disregarding the general verdict, the questions relating to the disposition of the case upon the general verdict are before the trial court for determination upon a hearing of the motion for a new trial, which is still pending in that court.

Moreover, the petition in error in this case does not bring before this court for consideration any question which in any way involves the evidence in the case or said questions; there is no claim in the petition in error that the judgment of the trial court is contrary to the evidence, and all that it was necessary to have before this court to enable this court to pass upon the error that is claimed in the petition in error were the pleadings and journal entries showing the proceedings at the trial, the verdict and special findings and motions filed in reference thereto, and the final judgment entered by the court. Indeed, the plaintiff in error attempted to confine the record for review within the proper limits, but, upon exceptions to the bill of exceptions which did not contain any of the evidence at the trial, the trial court permitted the evidence at the trial to be made a part of the bill of exceptions, the defendant paying the cost thereof; but the defendant is not before this court in any capacity except that of resisting the petition in error of the plaintiff, which, as has been said, relates solely to the question of error on the part of the trial court in disregarding the general verdict and all the questions relating thereto, and rendering a final judgment upon the special findings of the jury.

It is true that, in a case where the trial court has disposed of the questions relating to the general verdict and has rendered a judgment on the special findings, and the plaintiff in error has brought both of said questions to the Court of Appeals for review, it may find that a correct judgment was entered either on the special findings or on the general verdict, and if it enters a general judgment of affirmance, the Supreme Court will indulge the presumption that the Court of Appeals considered the evidence in the case only on the questions relating to the general verdict and not in

connection with the special findings of the jury.

**Prendergast v Ginsburg et, 119 Oh St 360.**

In the instant case, however, the questions relating to the general verdict have not been disposed of by the trial court, and the plaintiff in error has carefully avoided bringing such questions before this court for review, and we are of the opinion that, under the circumstances of this case, the defendant cannot claim before this court at this time the benefit of questions relating to the general verdict simply because it insisted upon the bill of exceptions showing all of the evidence in the case.

It is true that, where error is prosecuted to the Court of Appeals and several grounds of error are alleged, any one of which if sustained would warrant a judgment of reversal, and the Supreme Court finds that the Court of Appeals was in error in reversing the judgment upon a certain ground but that the Court of Appeals would have been justified in reversing on another ground, the judgment of reversal will be affirmed, although a wrong reason therefor was given; but this is not a case for the application of such rule.

Here the motion for a judgment was not based upon several grounds, but upon a single ground; the inconsistency of the special findings of fact with the general verdict.

It was not a motion for a judgment notwithstanding the verdict; it was a motion for a judgment on that part of the verdict which contained special findings of fact. That was all that was before the trial court, and that is all that was brought up for review.

When the verdict was returned and the defendant had filed its two motions, the trial court could do one of three things: first, grant the motion it did; second, overrule that motion and grant the motion for a new trial; or, third, overrule both motions and enter judgment for plaintiff on the verdict.

All that the court did was to grant the motion for a judgment on the special findings, which in no way involved a consideration of the evidence or of errors during the trial.

Even if the court, after having granted the motion for a new trial, could have directed a verdict for the defendant, as it could have done at the close of all of the evidence, it did not do so and was not asked to do so.

We do not subscribe to the proposition that, where, at the close of all of the evidence, a trial court is merely asked to di-

rect a verdict for the defendant and erroneously refuses to do so, and thereafter a verdict is returned for the plaintiff and a motion for a new trial is filed by the defendant, it is the duty of the court, without disposing of such motion, to enter a judgment for the defendant without being asked so to do; whether the court would have had power to enter such judgment if it had been asked to do so after it had granted the motion for a new trial, we need not determine.

For error of the trial court in granting the motion for a judgment upon the special findings, the judgment is reversed and the cause remanded.

WASHBURN, PJ, FUNK and STEVENS, JJ, concur in judgment.