## BRINKS' EXPRESS CO v BROKAW

Ohio Appeals, 2nd Dist, Franklin Co

No. 2435.    Decided Sept 18, 1934

40

Sandleś, Ulrey & Wildermuth, Columbus, for plaintiff in error.

Harry Kohn, Columbus, and James B. Yaw, Columbus, for defendant in error.

MONTGOMERY, J, (5th Dist) sitting by designation.

## OPINION

By MONTGOMERY, J.

Under proposition number 1, which we have specified, the question raised is as to whether or not there was sufficient evidence to justify submission of the cause to a jury, and whether or not the verdict is manifestly against the weight of the evidence. The propositions are discussed together because they can be disposed of without a duplication of argument. The evidence is decidedly conflicting. There was credible evidence to sustain the contention of either of the parties, and the matter was properly one for the jury to determine, and we cannot find any error in the manner of the submission of the case to the jury, or that the verdict is manifestly against the weight of the evidence. It follows that the assignments of error cannot be sustained.

Especial attention is directed to what we have designated as claim number 2, to-wit: that the plaintiff below was guilty of contributory negligence, as a matter of law. To sustain this contention, plaintiff in error relies upon a number of authorities, and especial attention is directed to the case of Ford Motor Company v Smith, decided by this court on November 17, 1933. The other cases mentioned are based upon facts similar to those in the Ford Motor Company case. It is to be observed that the facts in the instant case are easily distinguishable from the facts appearing in the Ford Motor Company case and the other cases cited by counsel for plaintiff in error. In the instant case the collision took place in what is admitted to be a closely built up section of the city of Columbus at a point where it is conceded a rate of speed greater than 20 miles an hour is negligence per se. The other cases have to do with collisions in the open country, where the rate of speed permissible is much greater. The driver of an automobile, seeing a machine approaching from his right might well form one conclusion as to the danger, where the lawful speed is 20 miles, and another conclusion, where the lawful rate of speed is 45 miles an hour, and while it might be negligence to proceed ahead of an on-coming vehicle entitled to approach at 45 miles an hour, it would not be negligence to proceed ahead of a vehicle authorized to come 20 miles an hour. The evidence in the instant case is such that it might reasonably be concluded that this Express Company's truck covered the distance from Summit Street to the point of collision in three and one-half seconds, and Brokaw's claim is that he looked and saw no vehicle approaching east of Summit Street. If the jury found that he was proceeding at the very slow rate of speed which he claimed and that the Express Company's truck was proceeding at 50 miles an hour, as he claimed, such findings would be consistent with his claim that he looked and performed all the duties required of him; and, hence, it could not be said that he was guilty of negligence, as a matter of law.

As indicated before, it is the judgment of this court that the case was fairly and properly submitted to the jury for a determination of the facts.

The remaining question is that of the size of the verdict. True, it is large and larger than might have been anticipated. However, the evidence is that the injuries sustained by Brokaw were substantial, and there is evidence to the effect that the injuries to his hearing are permanent. From a reading of the record as to the nature and extent of his injuries, and the probable permanence of a part of them, we can not say that the verdict of the jury is manifestly against the weight of the evidence.

It follows that the judgment of the Court of Common Pleas will be affirmed. Exceptions may be noted.

HORNBECK, PJ, and BARNES, J, concur.