### FOX v CONWAY

Ohio Appeals, 2nd Dist, Franklin Co

No 2728. Decided June 2, 1937

Eagleson & Laylin, Columbus, Martin & Corry, ⌐ ringfield, for defendants appellees.

Knepper, White & Dempsey, Columbus, for plaintiff appellant.

### OPINION

By HORNBECK, J.

Appeal on questions of law from a judgment in favor of defendants, notwithstanding the verdict in the sum of $7500.00 for the plaintiff.

The action of the trial court was predicated upon conflict between the verdict and an answer to Interrogatory No. 3 submitted to the jury upon request of the defendant. The cause went to trial on the third amended petition of the plaintiff, the answer of the defendants and the reply thereto.

From the pleadings it appears that on the night of November 24, 1934, at about 9:30 o'clock, plaintiff operating a Ford coupe when crossing the railroad tracks of defendant company from the north side to the south side thereof, near 4150 W. Broad Street, Columbus, Ohio, was struck by an east-bound interurban car, sustaining severe injuries.

The petition sets out three charges of negligence against the defendant company: (1) that as it approached the crossing where plaintiff was struck it failed to sound any horn, whistle, bell or to warn plaintiff in any manner of the approach of the traction car; (2) that it operated the car at the time and place of the accident without having the lights on the front end of said car lighted and burning, and (3) in operating the car at a high and excessive rate of speed, namely, 80 miles per hour.

The plaintiff in his petition averred that: "at the time of driving his car across said track and prior to driving on said track he stopped his car just before reaching said track, when about ten feet therefrom, and looked in both an easterly and westerly direction for an approaching car and listened for the signal of the approaching of said car but did not see or hear any car approaching said crossing at said time."

The answer of the defendants, admitted the corporate capacity of the railroad company; that the named receivers were so acting; the operation of the railroad as averred in the third amended petition and the operation of plaintiff's automobile at the time and place as set forth, and that the collision occurred. After these admissions there was a general denial of each and every other allegation of the petition.

The second defense set up four specifications of negligence against the plaintiff, which it was alleged were the sole cause of plaintiff's injuries. The third defense set up four grounds of negligence, which it was averred directly contributed to cause the collision and plaintiff's injuries. The reply was a general denial.

Several special charges were given the jury before argument, among which was

special charge No. 7, requested by the defendants:

"I charge the jury as a matter of law that it was the duty of the plaintiff to stop his automobile at the time and place in question just before he entered the interurban railway tracks and to look and listen both directions for an approaching electric car and with that degree of care that the ordinarily prudent person would exercise under the same circumstances and conditions. And if you find from the evidence that the plaintiff failed to so stop, look and listen just before entering or attempting to enter upon the interurban car tracks, and that plaintiff was injured as a result of such attempt to enter upon the tracks of the defendant, then, I charge you that the plaintiff cannot recover in this action and that your verdict must be for the defendant even though at the same time the defendant had been negligent in operating its electric car and such negligent action had contributed in the cause of the injury to the plaintiff."

The court submitted three interrogatories to the jury, at the request of the defendant, which it was to answer in the event that it returned a general verdict for the plaintiff. The interrogatories and answers thereto were as follows:

"1. Do you find from the evidence that the whistle on the interurban car was blown as the car approached the crossing in question?
Answer: No.
2. Do you find from the evidence that in operating said car at said time and place there was on the front end of said car a light or lights turned on or lighted?
Answer: Yes, dim.
3. If the plaintiff Ora Fox had looked westward from his automobile when it was 6 or 8 feet north of the interurban tracks and just before he started to approach the tracks with his automobile, could he have seen the approaching interurban car? Answer: Yes."

After the return of the general verdict and the interrogatories with answers defendants moved for a new trial and also for judgment notwithstanding the verdict, because the answer to interrogatory No. 3 was inconsistent with the general verdict. The latter motion was sustained and judgment entered accordingly. It is from this action of the trial court that this appeal is prosecuted.

There is but one question for determination in this court viz; Is the answer of the jury to special interrogatory No. 3 so inconsistent with the general verdict that the two cannot be reconciled? If there is such inconsistency, then the answer to the special interrogatory must control. See §11420-18 GC, Davis v Turner, 69 Oh St 101. In the determination of the question presented we may not consider the evidence but can only look at the pleadings, general verdict, special charges and the special interrogatories and answers thereto. Richter v Lake Erie Railroad Company, 17 Abs 425.

The jury by its general verdict, independent of the answers to the special interrogatories, had found that the defendant was negligent in one or more of the particulars averred in the petition. By its answer to special interrogatory No. 1 it had expressly defined the negligence of defendant to consist in part of its failure to sound a whistle on its car as it approached the crossing where plaintiff was injured. The answer to special interrogatory No. 2 is not definite whether there was one or more lights burning on the front end of the car, though it does find that it or they were burning dimly. Likewise, the general verdict is consistent with and will support the finding that the plaintiff looked at the time and the place as alleged in his petition. This averment was to effect that he stopped his car when about ten feet therefrom, looked in both an easterly and westerly direction for an approaching car but did not see or hear one approaching. It will be noted that the special interrogatory did not negative the express averment of the amended petition, nor are we required to say that the answer of the jury is necessarily inconsistent therewith.

The trial court had properly said to the jury that the plaintiff was obligated to look for an oncoming car at the time that he approached the crossing when such looking was effective. The jury by its general verdict so found. It could have determined from the evidence, insofar as we can see, that the plaintiff did stop his car and look in both directions when ten feet from the crossing and that this was a seasonable and proper time to look but that because of conditions appearing in the record he did not see nor hear the oncoming car.

It is common experience that one approaching a crossing may look for an on-

coming car at varying distances from the crossing and be in the observance of ordinary prudence. It is too limited to say that one must look when six or eight feet therefrom. This interrogatory so limits the time when the observation should have been made to within six or eight feet. Further provision of the interrogatory is connected by the word "and" and not "or". If the answer precluded the conclusion that the plaintiff looked at a seasonable and effective time for the oncoming car as he approached the crossing, then obviously there would be such an inconsistency between the answer to the special interrogatory and the general verdict as is contemplated by the statute.

We are cited to **C. D. & M. Electric Company v O'Day, Admx., 123 Oh St 638**, a case with which we are familiar because it arose in this jurisdiction and was passed upon by this court. The question upon which that case turned was somewhat different from the controlling proposition here. There is also more to the history of this case than appears in the reported opinion. The court, by a division of four to three, Judge Robert Day writing the opinion, had affirmed the judgment of this court sustaining the judgment of the Common Pleas Court. The decision which is reported was the result of an application for rehearing when certain members of the court changed their position. However, in the O'Day case there was no controversy on the question whether or not O'Day had looked for the oncoming car when such looking was effective, because there was no evidence to indicate that he had looked at all. The question was whether or not, under the peculiar circumstances of that case, he was chargeable as a matter of law with contributory negligence in failing to look.

The circumstances which it was claimed made the question one of fact were that the railroad company had regularly maintained a flasher signal at the crossing where O'Day was killed; that he had regularly and for years passed that crossing many times, almost every day. There was evidence that the flasher signal was not operating at the crossing at the time O'Day was struck.

The plaintiff urged that this situation required factual determination whether or not O'Day was chargeable with contributory negligence in failing to look for the oncoming car.

Likewise, had there been any evidence that O'Day had looked, the answer to the interrogatory precluded any possibility that

such looking was timely. The query was: "Did Ralph O'Day as he approached the track of The Columbus, Delaware & Marion Electric Company * * * look to the south for an interurban car **when he was far enough from the railroad track to stop his automobile before reaching the crossing?**" Emphasis ours.

We see no conflict between the law of the O'Day case and the holding that there was no irreconcilable inconsistency in this case between the answer to special interrogatory No. 3 and the general verdict.

The judgment will be reversed and remanded for further proceedings according to law.

GEIGER, J, concurs.

BARNES, PJ, concurs in judgment.

## ON APPLICATION FOR REHEARING

### Decided June 16, 1937

By THE COURT:

Submitted on application of appellees for rehearing, in which are set forth ten grounds designated as errors which the court committed in the opinion on the appeal.

We shall not undertake to discuss the grounds of the application separately. We had full comprehension of the specific averment of the petition respecting the distance from the crossing at which the plaintiff claimed he had looked in both directions for the oncoming car and the use of the word "about", qualifying ten feet. The averment was set out verbatim at page two of the opinion. Upon further examination we see no error in the statement which we made at page five of the opinion, that "the jury could have determined from the evidence that the plaintiff did stop his car and look in both directions when ten feet from the crossing", etc. We did not say nor do we mean to infer that the plaintiff had to plead the distance at which he claimed to have looked for the oncoming car, nor that he could thereby fix the distance in feet at which it would be due care on his part to look. In setting out the averment of the petition and the finding which the jury could have made we did not say that the jury did so find nor that this was the only determination which would have supported the general verdict.

We gave full weight to the O'Day case in **123 Oh St 638**, discussing and indicating the differentiating facts between that and the instant case. In our judgment the

O'Day case is not controlling of the questions presented in this case.

We did not consider and discuss other questions presented on appeal and authorities in support of and contrary thereto because they were not decisive. We considered the determinative question at length in our original opinion. Further discussion of this question would serve no useful purpose, and discussion of several of the grounds for the rehearing would lead us far afield.

It is not the practice of the court to permit oral argument upon applications for rehearing, save in exceptional cases. In our judgment this case does not come within that classification. It was fully and capably presented by counsel both by written and oral argument.

Application for rehearing will be denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.