## KELLAR v MILLER et

Ohio Appeals, 2nd Dist, Franklin Co

No 3260. Decided June 10, 1941

Wilbur E. Benoy, Columbus; Russell G. Saxby, Columbus, and William H. Selva, Cincinnati, for defendants-appellants.

Edwin F. Hoover, Columbus, and W. B. Bartels, Columbus, for plaintiff- appellee.

## OPINION

By GEIGER, PJ.

This matter is before this court on appeal on questions of law from a judgment of the court below in favor of the plaintiff. The case arose out of a collision between two motor vehicles at the intersection of Indianola and Thirteenth Avenues in the City of Columbus. The amended petition alleges that Ray D. Miller and other defendants mentioned are individuals doing business as the Hi-Grade Milk Company and are engaged in the delivery of dairy products; that on the 21st of May, 1936, the plaintiff was driving his Chevrolet coach north in Indianola Avenue, and his car had reached the center of Thirteenth Avenue, in the intersection when it was struck by the truck owned by the defendants, then being operated in a westerly direction on Thirteenth Avenue; that as a result of the collision his car was violently pushed to the northwest corner of the two streets against a tree, throwing the plaintiff out and injuring him and damaging the car beyond repair. It is alleged that there was an ordinance of the City of Columbus, being §1302a, covering restrictions as to speed. The ordinance embodies the essential speed restrictions of the statutes and provides that a rate of speed of more than 35 miles per hour in all other than closely built up portions of the municipality shall be prima facie evidence of a rate greater than is reasonable and proper. It is stated that his injuries were due solely and proximately to the negligence of the defendants in that they operated the truck at an unreasonable, high and dangerous and reckless rate of speed and at a speed greater than was reasonable and proper having regard for the conditions of the streets. The speed asserted is 45 miles per hour; that the defendants failed to have control of their automobile and neglected to keep a lookout or make observations for the presence of vehicles, including that of the plaintiff; that they failed to give warning of their movement in a westerly direction.

The petition recites the injuries received and asks for judgment in the sum of $5400.00. One defendant, Muriel E. Bennett, by answer denies that she was a member of the partnership, which was admitted and she was dismissed as a party.

The other defendants answer admitting that they were engaged in a partnership as stated by the plaintiff, and that on the date in question the automobile driven by the plaintiff northerly on Indianola Avenue collided at the intersection with the truck owned by the partnership then operated in a westerly direction on Thirteenth Avenue; they deny all other allegations and allege that the damages were caused by the plaintiff's own carelessness and through no fault of the defendants.

The case was tried to a jury. Certain interrogatories were submitted and answered. The answer to the first was that Charles Guyton, an employee driver of the defendant was negligent. The

second interrogatory submitted asked that the jury state what negligenc they found on the part of the defendant's employee which contributed to the collision as a proximate cause. The answer was "Defendant did not use proper care in approaching said intersection " The answer to interrogatory No. 3 was to the effect that Guyton was not operating the defendant's truck in a lawful manner. As an answer to Interrogatory No. 4 the jury stated that the defendant's vehicle was not being operated in a lawful manner on account of excessive speed. In answer to interrogatory No. 5 the jury finds that Kellar, the plaintiff, was not negligent in any respect which contributed in the slightest degree to the cause of the collision.

A general verdict was rendered in favor of the defendant in the sum of $2500.00.

During the trial, in addition to the special interrogatories there were seven special charges requested by the defendant, all of which were given.

Motions were made by the defendant at the conclusion of the plaintiff's testimony and at the conclusion of all the testimony, for a directed verdict, which motions were overruled.

There are six assignments of errors to the effect that the court erred in failure to direct a verdict; error in general charge; error in overruling defendant's motion to withdraw the third specification of negligence as not being supported by any evidence; error in refusal of the court to direct the jury to properly answer interrogatories 2 and 4 and in discharging the jury before proper and complete answers had been returned; that the verict and answers to the interrogatories are against the weight of the evidence and that the damages are excessive.

This is an ordinary case of an intersection collision. The truck of the defendant had the right of way if approaching in a lawful manner.

In addition to the oral testimony photographs were introduced as exhibits, showing the point of impact and the damage to the plaintiff's car, and also showing the two streets at the point of interesection, both east and west on Thirteenth Avenue, and north on Indianola Avenue. The intersection was not in a closely built-up portion of the city and neither street had preference.

The court on motion of the defendants withdrew from the consideration of the jury allegations of negligence Nos. 2 and 4, because there was no evidence supporting either. The motion as to No. 3 was overruled. The Court charged the jury to disregard the ordinance because it was not introduced. Counsel then withdrew the reference to the ordinance.

The Court gave all seven special charges requested by the defendant.

The case of **Morris v Bloomgren, 127 Oh St 147**, is of value in cases of this character. It is so well considered that it should be read in detail. However, in general it holds that the two §§6310-28 and 6310-28a are cognate and should be construed together, and if so construed confer an absolute right of way upon the vehicle approaching from the right, qualified only by the requirement that in proceeding uninterruptedly it must proceed **in a lawful manner.** The phrase, "in a lawful manner", is a sine qua non obligation placed upon the vehicle upon which the right of way is conferred. If it is not proceeding in a lawful manner in approaching or crossing the intersection such vehicle loses its preferential status, and the relative obligations of the drivers of the converging vehicles is **governed by the rules of common law.** The driver approaching from the right has the right to assume driver approaching from the left will obey the law by yielding right of way. If, however, the one approaching from the right discovers that the one approaching from the left is not yielding the right of way, it becomes the duty of the former to use ordinary care not to injure him.

Counsel for appellee has fairly stated all that may be claimed as to the operation of the plaintiff's car, and we may take it for granted that the plain-

tiff's position can not be more favorable than that so described.

The statement is that the plaintiff was operating his car north on Indianola Avenue at a speed of 25 miles per hour on the right side of the Avenue; that as he approached Thirteenth Avenue and had reached a point on Indianola Avenue about 20 or 30 feet south of Thirteenth Avenue, he slowed his car and when he had reached a point about 10 feet south of the south line of Thirteenth Avenue he shifted from high to second. Looking to the right and not seeing any car approaching he started across the intersection; as he reached the middle of the intersection he again looked to the right and saw for the first time the defendant's truck approaching at a distance of about 30 or 40 feet at a speed of approximately 45 miles per hour; the plaintiff then attempted to speed up his car to avoid the collision and reached a point where the front end of his car was at the north line of Thirteenth Avenue, at which point his car was struck in the center and carried across the intersection and west for a distance of 17 feet where it was thrown against a tree.

We examine the testimony of the plaintiff and find that it supports counsel's statement.

He further states that he could only see up Thirteenth Avenue to the east 50 or 60 feet from the point where he shifted gears; seeing nothing he looked straight ahead. He could have stopped before he got to the center of the intersection if he had seen something coming.

The exhibits show two 30 foot driveway streets crossing at right angles on the same level, with some terrace and shrubbery on the south side of Thirteenth Avenue. There are a number of trees on both sides of both avenues which may have slightly obstructed the view. As before stated, the jury found that the plaintiff was without negligence and that the defendant was negligent in approaching the intersection at a rapid rate of speed. As to testimony supporting this finding of

the jury as to defendant's speed of 45 miles, there seems to be only the estimate made by the plaintiff at the instant he discovered the truck after he had reached the center of the street. The driver of the truck denies the excessive speed and gives 25 miles as the rate, as does a Mr. Whittaker, a disinterested witness. The truck had been parked along the north curb of Thirteenth Avenue, before it moved out and approached the crossing, for the delivery of milk. We have examined the many cases cited involving collisions at intersections and without comment, we note those that we regard as being of importance in the determination of this case:

Ford Motor Co. v Smith, (by this court), 16 Abs 7.

Express Co. v Brokaw, (by this Court), 18 Abs 39.

Pritchard v Cavanaugh, 18 Abs 354.

Williams v Judd, 23 Abs 450.

D. T. & I. R. R. Co. v Rohrs, 114 Oh St 493.

Pennsylvania R. R. Co. v Rusynik, 117 Oh St 530.

Harper v McQuown, 30 Abs 389.

Smitley v State, 26 Abs 419.

We comment briefly upon Cashun, Appellant v Mauseau, Appellee, 62 Oh Ap 249, wherein it is held that a driver of an automobile proceeding across an intersection under such circumstances that he may be required to stop and concede the right of way must proceed at a speed sufficiently slow to permit him to stop the vehicle which he is operating promptly and thus not cross the path of the vehicle having the right of way.

In the case of Insurance Company v Elizer, 32 Abs 349, Judge Ross, delivering the opinion of the court makes pertinent comment, page 583, to the effect that there seems to be an impression among some of those who operate automobiles that if on approaching an intersection when the view in the direction of vehicles possessing the right of way is limited by obstructions at or near the corner, the vehicle with sub-

servient right may proceed upon the intersection without regard to what may be observed after entering the same and before crossing the path of the dominant vehicle. "It is this misconception of the practical rule that causes many collisions." The subservient vehicle may proceed into the intersection as it has the right of way over vehicles approaching from its left. If after entering the intersection a car is seen approaching from the right its path must not be obstructed. "If it is proceeding at a rapid rate, certainly it is foolhardy to rely upon its loss of right of way by reason of unlawful operation. If the car coming from the right is approaching in a lawful manner then its right to proceed uninterruptedly must be respected."

In our view of the case the plaintiff was twice guilty of contributory negligence which would prevent his right of recovery. First, he did not look effectively to his right before he entered the intersection; and, second, when he got to the middle of Thirteenth Avenue and saw the truck approaching from the right he foolishly endeavored to beat the truck across the intersection. He had his car under such speed control that he could have stopped it instantly upon seeing the truck. Instead of that he speeded up, and the fact that he reached the north curb line of Thirteenth Avenue before being struck would indicate that had he stopped his car the truck could readily have passed him on the north side of the Avenue without damage to either.

This Court has held in the case of the **Ford Motor Company v Smith, 16 Abs 7,** that,

"The driver of an automobile which collides with another automobile at a highway intersection is guilty of contributory negligence as a matter of law, even though he testifies that he looked for approaching vehicles as he came to the intersection and failed to see any, where it appears that there was no obstruction to his vision for a distance exceeding that which could have been covered by the colliding car between the time that he testified that he looked and the time that the collision occurred."

There is no purpose gained in citing cases in support of the proposition that a plaintiff who is guilty of contributory negligence may not recover even though the defendant is shown to have been negligent, the negligence of each contributing to the accident.

The majority of the court is of the opinion that the court below erred in overruling the motion of the defendant for a directed verdict at the conclusion of the plaintiff's testimony.

Coming now to render the judgment which the Court below should have rendered, it is ordered that plaintiff's petition be dismissed and costs adjudged against appellee.

BARNES, J., concurs.

HORNBECK, J. Dissenting:

There is nothing in the record to refute the statement of the plaintiff that when 10 feet or less from the intersection of Indianola and Thirteenth Avenues he could see but 50 to 60 feet to the east on Thirteenth Avenue. This is consistent with the physical situation with which he was confronted.

We must accept as a fact the finding of the jury that the defendant was not proceeding toward the intersection in a lawful manner. That he was not so traveling will account for the fact that the plaintiff did not when he first looked see defendant at a distance of 60 feet from the intersection. If he had been within the vision of the plaintiff at that distance and had come along in lawful manner the plaintiff would have had ample time to have cleared the intersection. When the plaintiff next looked the defendant was some 30 or 40 feet away and then if the defendant had been traveling in a lawful manner, the cars would not have come together.

The defendant driver had no preferential right over the plaintiff's automobile and they were put upon the

532

common law obligation of ordinary care, one toward the other. It can not be said as a matter of law that the plaintiff was chargeable with contributory negligence because he did not look in the first instance at a point nearer than 10 feet from his entrance into the interesction because at that point he had a view for a sufficient distance to justify him in proceeding if he observed no car within the range of his vision. In view of the fact that the defendant's car was 40 feet away when it was observed, it is reasonable and probable that he was not in sight at the time that plaintiff first looked.

There is no contrariety between the aforementioned position and the second proposition of the syllabus in Ford Motor Company v Smith for the obvious reasons that here, as in the Smith case, it does not appear that there was no obstruction to plaintiff's vision nor can it be said as a matter of law that he did not look at a seasonable time.

In the Smith case it appeared that plaintiff had an uninterrupted view of the intersecting road in the direction from which the defendant's car was coming at all times from a point 300 feet away from the intersection and that the defendant's car must have been within the range of the vision of Smith, if he had looked at any seasonable time as he approached the intersection.

The facts in **Brinks' Express Company v Brokaw, 18 Abs 39,** a case in which the automobiles collided at an intersection of city streets, are more like the instant case than in **Ford Motor Company v Smith,** supra. There, this court—Judge Montgomery writing the opinion, two other members concurring—refused to hold that as a matter of law a driver was chargeable with contributory negligence whose car collided with another as plaintiff's driver proceeded slowly at a street intersection and looked but did not see defendant's rapidly approaching vehicle on his right.

In **Fox v Conway et, 27 Abs 33,** affirmed by the Supreme Court in **133 Oh St 273,** we held that even at a

railroad crossing an affirmative answer to an interrogatory, if the plaintiff had looked westward from his automobile when it was 6 or 8 feet north of the interurban tracks and just before he started to approach the tracks with his automobile, could he have seen the approaching interurban car, did not as a matter of law establish contributory negligence against the plaintiff and require the setting aside of a general verdict in his behalf. In this case we said,

"It is common experience that one approaching a crossing may look for an oncoming car at varying distances from the crossing and be in the observance of ordinary prudence. It is too limited to say that one must look when 6 or 8 feet therefrom."

The only test is whether or not the plaintiff looked at a time when such looking was seasonable and proper.

In this case the jury has affirmatively found by answer to special interrogatories that the defendant was negligent; that he did not use proper care in approaching the intersection; that he was not operating his motor vehicle in a lawful manner but was operating at an excessive speed and that the plaintiff was not negligent in any respect which contributed in the slightest degree to the cause of the collision. The physical facts appearing and the conduct of the parties as found in the record are not such as to support a determination that the plaintiff was chargeable with contributory negligence as a matter of law and the judgment should be affirmed.