**STATE ex LATIMER v LEONARD, et.**

**STATE ex SCHWARTZ v LEONARD et**

**STATE ex WASSERMAN v LEONARD et**

**STATE ex DAVIS v LEONARD et**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5814. Decided April 5, 1940.

Alfred Pfau, Cincinnati, for relator.

Carl W. Rich, Cincinnati; Walter M. Locke, Cincinnati, and I. Jack Martin, Cincinnati, for respondents.

## OPINION

**BY THE COURT:**

This is an original action in mandamus.

Heard on demurrer to petition.

The demurrer admits the truth of the following allegations:

That the relator is and was on the 17th day of February, 1940 "a duly registered and qualified elector from Precinct J of the 22nd Ward and in all other respects qualified to be a candidate for said office", That on the 4th day of March, 1940, he filed with the Board of Elections his declaration of candidacy for the position of member of the Democratic Hamilton County Central Committee from said Ward to

be voted on at the primary to be held May 14th, 1940. That attached to said declaration was a nominating petition containing the names of five duly qualified Democratic electors from said ward, which said petition was also in all other respects in conformity to law. That said respondents arbitrarily rejected said declaration of candidacy and refuse to place the name of relator on the ballot for said primary to be held on May 14th, 1940, and alleges abuse of discretion, etc., ▉▉▉▉▉ ▉ and prays for a writ to compel respondents to cause relator's name to be printed on the official ballot.

The majority of the Court is of opinion that a cause of action is pleaded and that the demurrer should be overruled.

HAMILTON. PJ., MATTHEWS & ROSS, JJ., concur.

STATE ex LATIMER v LEONARD et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5814. Decided April 12, 1940.

## OPINION

PER CURIAM:

This matter, an original action in mandamus, was first presented to the court upon demurrer to the petition. This demurrer was overruled by this court, for the reason that in the opinion of the court, giving the allegations of the petition a construction most favorable to the relator, there was alleged a cause of action which would have justified this court in finding for the relator upon the petition.

This conclusion was predicated upon a finding of an allegation in the petition, that at the time of filing the declaration of candidacy, the relator was a duly registered and qualified elector in Precinct "J" Ward 22, and in all other respects was qualified to be a candidate for the position of Member of the Democratic Hamilton County Central Committee, the reasonable inference from the language used being that he was so qualified at the time of filing such declaration.

The case has now been heard upon the merits, upon evidence introduced by both the relator and the respondents.

The relator has introduced evidence tending to prove that on February 4th, 1940, he removed some considerable portion of his personal effects from 1105 Elm Street, in the City of Cincinnati, Ohio, being in Ward 7, Precinct "I", to 3483 Colerain Ave., in said city, and being in Ward 22, Precinct "J". There was also evidence that he had rented a room at the latter address, paying the rent from February 1st, 1940, to the end of the month, and that he now lives at such address. There was evidence introduced by the respondents tending to prove that he still retained the room at 1105 Elm Street, and used it from time to time during the month of February, 1940. He paid rent at the Elm Street address through the month of February. Evidence was introduced to the effect that the relator's place of employment was within a short distance of the Colerain Avenue address. No one was called by either party to give evidence as to his actual residence at such address, although receipts for rent from February 1st, 1940 were introduced in evidence. Substantially, all this evidence was before the Board of Elections.

On February 17th, 1940, the relator filed with the Board of Elections an application for transfer of registration from Ward 7, Precinct "I" to Ward 22, Precinct "J". The Board of Elections made the transfer, effective upon the day on which the application was filed. The relator on March 4th, 1940, filed with the Board of Elections his declaration of candidacy, for the position of Member of the Democratic Hamilton County Central Committee. The last day permitted by law for filing such declaration of candidacy was March 15th, 1940.

The last sentence of §4785-34 GC, provides:

"No person residing in any registration precinct shall be entitled to vote at any election, or to sign any declara-

tion of candidacy, nominating, initiative, referendum or recall petition, unless he is duly registered as an elector in the manner provided herein."

In §4785-71 GC, is given the form for declaration of candidacy, to be sworn to by the candidate. This form includes a statement that the candidate resides at a stated address, and that he is a qualified elector in the ward and precinct in which such address is located. The natural inference. from the terms of the statute, is that the candidate must be such elector at the time he signs and swears to the declaration.

A qualified elector evidently is one who is qualified, at any designated time, to exercise the privilege of voting. He is qualified to vote then and there, not at some future time, or some other place.

Sec. 4785-30 GC, provides, among other things, that no person shall be permitted to vote at any election unless he shall have been a resident of the voting precinct twenty-eight days next preceding the election at which he offers to vote. Sec. 4785-39 GC, provides for transfer of registration limiting such right of transfer to a period more than twenty-eight days before a primary or general election or ten days thereafter. In each of these sections the right of the elector is preserved, if transfer is made during the limited period, by provision that the elector may vote in the precinct from which transfer has been made.

The relator contends that having moved from Elm Street to Colerain Avenue on February 4th, 1940, and changed his residence to the latter address upon that day, he was a duly qualified elector on March 4th, 1940 in Ward 22, Precinct "J" If the Board of Elections had so found, the court in this proceeding would not have disturbed its action.

The Board of Elections upon substantially the same evidence, as was presented before this Court, on the contrary, however, determined that the relator had not been a resident of Ward 22, Precinct "J" twenty-eight days prior to the date upon which he filed his declaration of candidacy.

This proceeding is not a review of the decision of the Board of Elections. This Court has no jurisdiction to pass upon the weight of the evidence presented to the Board of Elections. The simple question presented to this Court, by virtue of the issues raised by the pleadings, is whether the Board of Elections has been guilty of such an abuse of discretion in the exercise of its political powers that this court is required to employ the extraordinary writ of mandamus in order to prevent the denial of a clear legal right. In **Sullivan v State ex rel 125 Oh St 387**, the second paragraph of the syllabus is:

"The question is one of political cognizance, and it is the duty of the board of elections to conduct a hearing upon such issue, upon notice to parties interested. By virtue of §4785-78 the determination of the board, in the absence of fraud or corruption, is final and is not subject to judicial review."

What conclusion this Court might reach upon the disputed facts presented is beside the question. The evidence was not so conclusive as to justify this Court in considering that the Board of Elections had arbitrarily ignored its effect.

Our conclusion, therefore, is that it being necessary that the relator should have lived in Ward 22, Precinct "J" at least twenty-eight days before filing his declaration of candidacy, regardless of the date upon which he caused the books of the Board of Elections to conform to his actual residence by filing application for transfer, and the evidence being in conflict upon whether the relator had so resided in Ward 22, Precinct "J", that no abuse of discretion has been shown to have intervened, and the writ will, therefore be denied.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.