## SMITH v REED

Ohio Appeals, 1st Dist, Hamilton Co

No 5873.   Decided Dec 2, 1940

George W. Weber, Jr., Cincinnati, for appellant.

Charles K. Pulse, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

This is an action by the plaintiff as a taxpayer on behalf of the city of Lockland, to recover a judgment for money based on fines collected from various persons found guilty by the defendant of violating ordinances of the city of Lockland, of which he was mayor, and in which capacity he acted in rendering judgments against them. These fines were collected and have been retained since then by the defendant. This action was begun in 1939.

The defendant demurred to the petition on two grounds:

(1) That the cause of action is barred by the statute of limitations; and, (2) That the plaintiff, as a taxpayer, has no capacity to sue.

The court sustained the first ground of the demurrer, and the plaintiff. not desiring to plead further, judgment was entered in favor of the defendant.

This is an appeal by the plaintiff from that judgment.

We believe the issue is foreclosed for this court by the unanimous decision of the Supreme Court in the case of State ex Board of Education v Gibson, 130 Oh St 318, 4 OO 352, in which it was held in the second and third paragraphs of the syllabus, that:

"2. A board of education or school district clothed with the capacity to sue and be sued is thereby rendered amenable to the laws governing litigants, including the plea of the statute of limitations."

"3. Where a statute does not expressly exempt a subordinate political subdivision from its operation the exemption does not exist."

While the judicial function is undoubtedly sovereign in its nature, and the agencies through which it may be exercised are created by the Constitution or the power reserved thereby to the General Assembly (Art. IV, Sec. 1), the public school system is as clearly made a sovereign function under the direct control of the state by the Constitution. (Art. VI, Sec. 4.)

If the statute of limitations runs against a board of education, by parity of reasoning it should run against a municipal corporation, both being subordinate political subdivisions of the state. We so hold.

For these reasons, the judgment is affirmed.

HAMILTON, PJ. and ROSS, J., concur.