By the Court.
 

 The hoards of elections rejected
 
 in toto
 
 seven petition papers containing a total of 171 names, because the petition papers each bore signatures of persons whose addresses were not in the same county.
 

 Section 4785-91, General Code, authorizing nominating petitions for independent candidates, requires that “each such nominating petition containing signatures of electors of more than one county shall consist of separate petition papers
 
 each of which shall contain signatures of electors of only one county.”
 
 (Italics ours.) A similar requirement appears in the seventh paragraph of Section 4785-70, General Code, relating to party nominations.
 

 Those provisions, restricting signatures on each petition paper to those of electors of only one county, were enacted in order that each board of elections may not be required to determine, within the limited time, prescribed by Section 4785-92, General Code, the validity or invalidity of signatures of electors of other than the one county.
 

 The petition papers, bearing signatures of persons from different counties, were properly rejected and the boards of elections were not obligated to accept any signatures upon such papers.
 

 The boards rejected 148 signatures for the reason that the accompanying addresses did not correspond with the voting residences appearing on the registration cards filed with the boards of elections.
 

 The nominating-petition form prescribed by Section 4785-91, General Code, which form was used by the
 
 *291
 
 relator in the instant case, requires the setting forth of the
 
 voting residence
 
 of electors signing such petition.
 

 The
 
 voting residence
 
 is that residence stated on the registration cards filed with the boards of elections. See Sections 4785-41, 4785-42, 4785-48 and 4785-51, General Code.
 

 In the instant case, the mandatory provisions of Section 4785-91 were not complied with, in that each of the signatures of the 148 persons was accompanied by a designation of residence other than' the voting residence.
 

 The signatures of 1,144 persons were rejected either as illegible, not in ink or indelible pencil, duplicates, not in conformity with registration-card signatures or not of registered electors. The rejection of this group of signatures is not challenged or made an issue by the relator.
 

 The right to hold office is not a natural right or a necessary incident of citizenship, but depends upon compliance with the law and is subject to legislative control and regulation.
 
 Mason v. State, ex rel. McCoy,
 
 58 Ohio St., 30, at page 49, 50 N. E., 6, 41 L. R. A., 291. The burden of complying with the statutes rests on the candidate.
 
 State, ex rel. Burgstaller,
 
 v.
 
 Franklin County Board of Elections,
 
 149 Ohio St., 193, at page 196, 78 N. E. (2d), 352.
 

 The action of the boards of elections was neither arbitrary, illegal nor an abuse of discretion. See
 
 Koehler, Jr.,
 
 v.
 
 Board of Elections of Butler County,
 
 125 Ohio St., 251, 181 N. E., 107;
 
 State, ex rel. Raines,
 
 v.
 
 Tobin et al., Board of Elections of Summit County,
 
 138 Ohio St., 468, 35 N. E. (2d), 779; and
 
 State, ex rel. Lemert, v. Board of Elections of Muskingum County,
 
 149 Ohio St., 211, 78 N. E. (2d), 368.
 

 
 *292
 
 The nominating petition of the relator did not meet the statutory requirements and a writ of mandamus is denied.
 

 W rit denied.
 

 Weygandt, C. J., Turner, Matthias, Hart, .'Zimmerman, Sohngen and Stewart, JJ., concur.