This cause was heard upon the record in the trial court. Each error Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Susan Ferritto, appeals the judgment of the Summit County Court of Common Pleas granting the motion for summary judgment of appellee, City of Twinsburg. For the reasons that follow, this Court does not reach the merits of the assignments of error and dismisses the appeal.
 I.
{¶ 2} This is the second time this case has been on appeal. On October 19, 2000, appellant filed a complaint for declaratory judgment against appellee and the Summit County Board of Elections ("the Board") regarding the validity of City of Twinsburg Ordinance 68-2000 providing for a Uniform Development Code ("UDC") and Zoning Code, and Resolution 109-2000 requesting and authorizing the Board to place the issue of whether the UDC and zoning map should be adopted. Appellant sought an injunction removing it from the November 7, 2000, ballot or an order sealing the election results. The trial court denied the injunction and appellant did not appeal this order. Cross-motions for summary judgment were then filed and on June 1, 2000, the trial court dismissed appellant's complaint for lack of jurisdiction. On appeal, this Court reversed the trial court's decision. Ferritto v. Twinsburg (Feb. 6, 2002), 9th Dist. No. 20652.
{¶ 3} Upon remand, additional summary judgment motions were filed and the trial court rendered judgment on behalf of appellee. Appellant timely appealed asserting two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
{¶ 4} "THE TRIAL COURT'S DECISION TO GRANT SUMMARY JUDGMENT IN APPELLEE'S FAVOR WAS CONTRARY TO LAW."
 SECOND ASSIGNMENT OF ERROR
{¶ 5} "THE TRIAL COURT ERRED WHEN IT FOUND THAT SECTION 7.08 WAS REPEALED VIA SECTION 7A.02."
{¶ 6} Appellant's two assignments of error will be combined for ease of discussion.
{¶ 7} "Ohio courts have long exercised judicial restraint in cases that are not actual controversies." Tschantz v. Ferguson (1991),57 Ohio St.3d 131, 133, citing Fortner v. Thomas (1970), 22 Ohio St.2d 13,14. "No actual controversy exists where a case has been rendered moot by an outside event." Tschantz 57 Ohio St.3d at 133. Further, it is well-settled that the special remedy of declaratory relief may not be based on speculation or hypothetical questions, but requires a real controversy, justiciable in nature, that makes speedy relief necessary to the preservation of rights that may otherwise be impaired or lost. D. H.Overmyer Telecasting Co., Inc. v. Am. Home Assur. Co. (1986),29 Ohio App.3d 31, 32-33.
{¶ 8} The entire essence of appellant's declaratory judgment was to have Ordinance 68-2000 invalidated in order to prevent the voters, in the November 2000 general election, from passing the UDC and zoning code it proposed. However, since the November 7, 2000 election is long past and the electorate of the City of Twinsburg has already voted on the issue, this appeal is moot. See State ex rel. Hills Communities, Inc. v.Clermont Cty. Bd. of Elections (2001), 91 Ohio St.3d 465, 467.
{¶ 9} "This conclusion comports with the general rule that `election cases are moot where the relief sought is to have a name or an issue placed on the ballot and the election was held before the case could be decided.' In re Protest Filed by Citizens for the MeritSelection of Judges, Inc. (1990), 49 Ohio St.3d 102, 103, 551 N.E.2d 150,151, citing State ex rel. Gyurcik v. Brown (1964), 176 Ohio St. 288, 27 Ohio Op.2d 200, 199 N.E.2d 596, and State ex rel. Santora v. Bd. ofElections of Cuyahoga Cty. (1962), 174 Ohio St. 11, 21 Ohio Op.2d 35,185 N.E.2d 438; but, cf., State ex rel. Huebner v. W. Jefferson VillageCouncil (1996), 75 Ohio St.3d 381, 662 N.E.2d 339, where the issue of mootness was not raised." State ex rel. Bona v. Village of Orange
(1999), 85 Ohio St.3d 18, 21.
 III.
{¶ 10} Both of appellant's assignments of error are hereby dismissed as moot. The appeal is hereby dismissed.
SLABY, P.J. and WHITMORE, J. CONCUR.