**In re PROTEST OF EVANS Against Initiative Petition Proposing Smoke Free Workplace Act.**

[Cite as *In re Protest of Evans,* 167 Ohio App.3d 674, 2006-Ohio-3453.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 06AP–539, 06AP–540, 06AP–541, 06AP–542, 06AP–543, 06AP–544, 06AP–545, 06AP–546, 06AP–547 and 06AP–548.

Decided June 30, 2006.

Bricker & Eckler, L.L.P., Quintin F. Lindsmith, Anne Marie Sferra, Jennifer A. Flint, and Vladimir P. Belo, for protestor Jacob Evans.

Ron O'Brien, Franklin County Prosecuting Attorney, and Patrick J. Piccininni, for Franklin County Board of Elections.

Chester, Willcox & Saxbe, L.L.P., Donald C. Brey, Elizabeth J. Watters, Timothy S. Horton, and Deborah A. Scott, for intervenor, Ohio Secretary of State J. Kenneth Blackwell.

Law Offices of Donald J. McTigue and Donald J. McTigue, for appellants Susan Jagers, Tracy Sabetta, and The Committee representing SmokeFreeOhio.

Per Curiam.

{¶ 1} Petitioners-appellants, SmokeFreeOhio, Susan Jagers, Donald McClure, and Tracy Sabetta, appeal from (1) the judgment of the Franklin County Court of Common Pleas in a statutory action brought by the Franklin County Board of Elections under R.C. 3519.16 and (2) the judgments in similar protest actions addressing the same electoral initiative that have been transferred from a number of other Ohio counties and consolidated in Franklin County. This court has sua sponte raised the question whether we have jurisdiction pursuant to R.C. 3519.16 to entertain an appeal from an order of the trial court in proceedings brought under that statute. Appellants and appellee, the Secretary of State of Ohio, have filed memoranda in support of jurisdiction, and appellee Jacob Evans has filed a memorandum opposing jurisdiction. Because this interlocutory decision is concerned solely with the jurisdictional question whether we may proceed with the appeal, we will only briefly develop the underlying facts of the case.

{¶ 2} Evans filed a protest with 34 Ohio county boards of elections challenging part-petitions and signatures submitted for the purpose of placing a statewide initiative petition on the ballot proposing "the Smoke Free Workplace Act." Pursuant to R.C. 3519.15, the Secretary of State transmitted the part-petitions to the local boards of elections to determine the validity of the petitions and individual signatures therein. After verification, the county boards returned their petitions to the Secretary of State, who found that they contained sufficient valid signatures to place the initiative on the ballot.

{¶ 3} Evans's protests challenged the validity of the petitions on two grounds: first, that the circulators of the petitions were not Ohio residents, and, second, that the circulators had failed to disclose that they were employed by professional petition-circulating companies, not the sponsors of the electoral initiative. The sponsors included the American Cancer Society and other benevolent organizations. The Franklin County Court of Common Pleas entered judgment on May 25, 2006, finding that some of the signatures were invalid on the grounds for protest presented by Evans, and the trial court subsequently entered judgment directing various county boards of elections to revise their reports of valid signatures as verified to the Secretary of State. The present appeal ensued.

{¶ 4} Evans asserts that we lack jurisdiction to hear this appeal because (1) the time constraints of R.C. 3519.16 governing protest actions are so restrictive that they reflect a legislative intent to prohibit appeals in such matters, (2) R.C. 3519.16 does not expressly provide for a right of appeal, (3) the Ohio Constitution expressly limits jurisdiction of appellate courts to circumstances where it is expressly granted, and (4) the decision of the trial court is not a final appealable order under R.C. 2505.02.

{¶ 5} We first address the question of whether R.C. 3519.16, either through its explicit language or by implication of the procedural scheme it creates, specifically precludes a right of appeal from the court of common pleas to this court. While this court, numerous other Ohio appellate courts, and the Supreme Court of Ohio (*In re Protest Filed by Citizens for the Merit Selection of Judges, Inc.* (1990), 49 Ohio St.3d 102, 551 N.E.2d 150) have accepted the jurisdiction in such appeals without specifically addressing the jurisdictional question, the only Ohio court to squarely address the issue concluded that it did not have jurisdiction. *In re: Protest of Brooks*, Hamilton App. No. C–030273, 2003-Ohio-7152, 2003 WL 23022054. In *Brooks*, the First Appellate District concluded that it lacked jurisdiction both because the "time restrictions inherent in the initiative process" indicate a legislative intent to preclude an appeal, id. at ¶ 6, and because the court " 'should be very reluctant to interfere with [the election process] * * * except to enforce rights or mandatory or ministerial duties that the statutes require,' " id. at ¶ 9, quoting *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 58 Ohio St.3d 103, 104, 569 N.E.2d 447.

{¶ 6} Addressing first the concerns regarding interference by the judiciary in the political process, we find that this aspect of *Brooks* in applying *Election of November 6, 1990,* is not persuasive. The present process of examination of petitions for valid signatures is one mandated by R.C. 3519.15 and 3519.16; judicial participation, at least on the part of the court of common pleas, is mandated by R.C. 3519.16, which specifically creates the right of action relied upon by the protestor. This court's further review upon appeal of a decision the common pleas court rendered in a protest action would not qualitatively differ from the trial court's statutorily mandated review and intrusion in the electoral process; rather, it would merely reflect the sort of "mandatory or ministerial duties" that the statute requires. Evans's interference argument, in itself, would not preclude a right to appeal.

{¶ 7} With respect to the time constraints created by the statutory procedure for protest actions, these are without doubt highly compressed; imposition of a tight procedural schedule, however, that leaves very little time to bring an effective appeal does not necessarily express a legislative intent to preclude such an appeal entirely. Ohio appellate courts, including this one, have entertained

such appeals, and on at least one occasion, as outline above, proceeded on further appeal to the Supreme Court of Ohio. The time frame set forth in the statute may accommodate a further appeal with difficulty, but it does not preclude it.

{¶ 8} We now turn to the specific language of R.C. 3519.16 to determine whether the legislature drafted the statute with the explicit intent to preclude any appeal beyond the court of common pleas. Evans so interprets the plain language of R.C. 3519.16, based on the following language:

Once a protest is filed, the *board shall proceed to establish the sufficiency or insufficiency* of the signatures and of the verification of those signatures in an action before the court of common pleas in the county. The action shall be brought within three days after the protest is filed, and it *shall be heard forthwith by a judge of that court, whose decision shall be certified to the board.*

(Emphasis added.)

{¶ 9} Evans argues that the statute requires the court of common pleas to hear the matter "forthwith" and that the resulting decision "shall be certified to the board." The mandatory "shall," Evans argues, leaves no room for an appeal, and courts are granted jurisdiction only to the extent the court of common pleas may make its decision and then certify the decision to the board of elections.

{¶ 10} We conclude that while the statute delineates the common pleas court's jurisdiction, it does not restrict appellate review. In instances in which the legislature sought to expedite the election process by eliminating appellate review, it has done so in the language of the statute concerned: in R.C. 3513.262 and 3513.263, which also pertain to protest actions and require election officials to act "forthwith," the statutory sections close with the explicit and indisputable conclusion that "such determination shall be final." No such language was appended to R.C. 3519.16, and "[w]e will not infer what the General Assembly did not provide." *State ex rel. Canales–Flores v. Lucas Cty. Bd. of Elections,* 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, at ¶ 35.

{¶ 11} Having determined that neither the explicit language of R.C. 3519.16 nor the overall statutory scheme of which it is a part, of themselves, is designed to exclude a right to appellate review, we turn to the converse question, that is, whether we have jurisdiction over the trial court's order under the general constitutional and statutory provisions from which our jurisdiction springs.

{¶ 12} The Ohio Constitution grants courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Section 3, Article IV, Ohio Constitution. Our jurisdiction is therefore limited to that provided by statute; the provision that grants us jurisdiction in

most instances is R.C. 2501.02, which provides that "the court [of appeals] shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district." R.C. 2505.03 further provides that "[e]very final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." R.C. 2505.03(A). A final appealable order that may be reviewed on appeal is one that affects a substantial right in a special proceeding. R.C. 2505.02. A protest, being an action created by statute in derogation of common law, is a special proceeding for purposes of R.C. 2505.02(B). We conclude that it affects a substantial right, that is the right to seek a statewide electoral initiative as guaranteed by the Ohio Constitution, and that the trial court's order in effect would preclude that right. We accordingly have, in the absence of a specific bar against appeal under R.C. 3519.16, our normal appellate jurisdiction under R.C. 2505.02 and 2505.03 to review this matter.

{¶ 13} In summary, our review of the specific and general statutes pertinent to the matter, as well as applicable case law, compels us to conclude that we have jurisdiction over this appeal. In coming to this conclusion, we acknowledge that the Ohio Constitution expressly reserves for the people of the state of Ohio the power to propose laws by initiative petition. We further acknowledge the Constitution's instruction that the requirements for proposing a law by initiative petition "shall be self-executing, except as herein otherwise provided. Laws may be passed to facilitate their operation, but in no way limiting or restricting either such provision [that is, provisions for initiative and referendum] or the powers herein reserved." Section 1g, Article II, Ohio Constitution. Although a protestor might be able to use the time requirements of appellate review as a way to attempt to block a petition's path to the ballot, we trust that legal mechanisms, such as original actions or the defense of laches, exist to counter such an attempt. We further note that explicit statutory requirements that prescribe definite time frames and further define the right of legal review might better facilitate the operation of the Constitution's explicit reservation of the initiative power to the people of the state of Ohio. In the absence of such explicit requirements, however, we conclude that jurisdiction in this court is proper.

{¶ 14} The stay of the trial court's judgment, pending appeal, remains in place. The merit briefing stay is hereby lifted. Appellants' merit brief shall be due five days after release of this decision and appellees' brief ten days thereafter.

Jurisdiction approved.

BRYANT, BROWN and FRENCH, JJ., concur.