[Cite as *State ex rel. Spoonamore v. Wayne Co. Bd. of Elections*, 2017-Ohio-2915.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO, ex rel. STEPHEN
SPOONAMORE

    Appellee

    v.

WAYNE COUNTY BOARD OF
ELECTIONS, et al.

    Appellants

C.A. Nos.    16AP0036
               16AP0038

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2016 CVC-A 000220

DECISION AND JOURNAL ENTRY

Dated: May 22, 2017

TEODOSIO, Judge.

{¶1}    Appellants, the Wayne County Board of Elections and Ohio Secretary of State Jon Husted, appeal from the order of the Wayne County Court of Common Pleas finding that the appellants abused their discretion in rejecting the independent candidacy of the Appellee, Stephen Spoonamore. We dismiss this appeal as moot.

I.

{¶2}    In March 2016, Stephen Spoonamore filed a statement of candidacy and nominating petitions seeking to run for State Representative as an independent candidate in the November 2016 general election. The Wayne County Board of Elections held a hearing to determine whether Mr. Spoonamore was unaffiliated with any of Ohio's political parties and eligible to run as an independent candidate, the primary issue being whether voting in the Democratic primary election disqualified him from running as an independent in the subsequent

general election. The four-member vote was split, and submitted to the Secretary of State for decision, with the Secretary voting to reject Mr. Spoonamore's independent candidacy. In May 2016, Mr. Spoonamore filed a mandamus action in the Wayne County Court of Common Pleas, seeking an order for the Board of Elections to certify his petition and place his name on the ballot. In June 2016, the court ruled in favor of Mr. Spoonamore, and ordered the Board to accept his petition for candidacy. This appeal followed.

II.

WAYNE COUNTY BOARD OF ELECTIONS
ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY GRANTING RELATOR'S WRIT OF MANDAMUS ORDERING THE WAYNE COUNTY BOARD OF ELECTIONS TO CERTFY RELATOR'S NOMINATING PETITIONS AND PLACE RELATOR'S NAME ON THE NOVEMBER 8, 2016[,] GENERAL ELECTION BALLOT AS AN INDEPENDENT CANDIDATE FOR THE OFFICE OF STATE REPRESENTATIVE OF THE 1ST DISTRICT OF OHIO.

SECRETARY OF STATE JON HUSTED
ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN FINDING THAT THE SECRETARY OF STATE ABUSED HIS DISCRETION BY BREAKING A TIE VOTE IN FAVOR OF REJECTING CERTIFICATION OF STEPHEN SPOONAMORE'S PETITION FOR INDEPENDENT CANDIDACY.

SECRETARY OF STATE JON HUSTED
ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN EXERCISING JURISDICTION OVER MR. SPOONAMORE'S CLAIMS AGAINST THE SECRETARY OF STATE.

{¶3} As a general rule, courts will not resolve issues which are moot. *Miner v. Witt* (1910), 82 Ohio St. 237, syllabus. "The doctrine of mootness is rooted both in the 'case' or 'controversy' language of Section 2, Article III[,] of the United States Constitution and in the

general notion of judicial restraint." (Citations omitted.) *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991).

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the [appellee], an event occurs which renders it impossible for this court, if it should decide the case in favor of the [appellants], to grant [them] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.

*Frank Novak Sons, Inc. v. Avon Lake Bd. of Edn.*, 9th Dist. No. 01CA007835, 2001 WL 1545505, *1 (Dec. 5, 2001), quoting *Miner v. Witt*, 82 Ohio St. 237, 238 (1910).

**{¶4}** There are, however, exceptions to the mootness doctrine. An appellate court may consider a moot appeal where it finds that the issues raised are capable of repetition yet evade review. *State ex rel. Bona v. Village of Orange*, 85 Ohio St.3d 18, 21 (1999). "This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 64 (2001). In addition, a court may consider the appeal if the appeal concerns a matter of public or great general interest. *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 14 (1989).

**{¶5}** There is no remedy this Court could grant that would affect the matter at issue before us, nor can we enter a judgment that can be carried into effect concerning the petition for candidacy. Because this appeal involves the submission of Mr. Spoonamore's name for the ballot of the November 2016 election, and that election has now passed, this appeal is moot. *See State ex rel. Santora v. Bd. of Elections of Cuyahoga Cty.*, 174 Ohio St. 11, 12 (1962). This

makes an order reversing or affirming the decision of the trial court a vain act. "Mandamus will not be ordered if the result is to mandate a vain act." *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380, 383, (1978).

{¶6} Accordingly, we conclude that the issue before us is moot. We also conclude that neither of the exceptions to the doctrine of mootness applies. This is not an issue subject to repetition, nor is it one that concerns a matter of public or great general interest. "This conclusion comports with the general rule that 'election cases are moot where the relief sought is to have a name or an issue placed on the ballot and the election was held before the case could be decided.'" *State ex rel. Bona v. Orange*, 85 Ohio St.3d 18, 21 (1999), quoting *In re Protest Filed by Citizens for the Merit Selection of Judges, Inc.*, 49 Ohio St.3d 102, 103 (1990).

### III.

{¶7} This appeal is dismissed as moot.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER and ANDREA D. UHLER, Assistant Prosecuting Attorneys, for Appellant.

MICHAEL DEWINE, Attorney General, and NICHOLE M. KOPPITCH and SARAH E. PIERCE, Associate Assistant Attorneys General, for Appellant.

STEPHEN SPOONAMORE, pro se, Appellee.