By the Court.
 

 The immediate issue is raised by a demurrer to the answer. The principal question concerns the duties of the Secretary of State upon the filing of a petition seeking a referendum on a law enacted by the General Assembly. The issue requires an examination of the provisions of the Constitution as well as of the statutes enacted thereunder.
 

 By reason of his findings the Secretary of State made a determination that the papers filed did not constitute, a valid referendum petition, notified the petitioners’ committee to that effect and refused to send the parts of the petition to the boards of elections of the various counties for canvassing the signatures as provided by Section 4785-178, General Code, which reads in part as follows: “Whenever any such petition shall have been filed with the Secretary of State he shall forthwith separate the parts by counties and transmit such parts to the boards in the respective counties.”
 

 On October 29, 1913, this court decided the case of
 
 State, ex rel. Gongwer,
 
 v.
 
 Graves, Secy. of State, 90
 
 Ohio St., 311, 107 N. E., 1018, holding that the Secretary of State had the authority to determine the suffi
 
 *5
 
 ciency and validity of all petitions filed with him under the provisions of Section lc of Article II of the Constitution.
 

 Thereafter, on February 3, 1914, Section 5175-29), General Code, was enacted which read as follows: “Not later than forty days before the election, the Secretary of State shall make his decision as to the sufficiency of the petition, giving the reasons for or against its sufficiency. Prior to the decision the Secretary of State shall grant a hearing on the petition and give due public notice of the date thereof, which shall not be later than forty-five days before the election.”
 

 Section 5175-29), General Code, was repealed effective August 17, 1915 (106 Ohio Laws, 295).
 

 On February 3, 1914, former Section
 
 5175-29h,
 
 General Code, was enacted to read substantially as present Section 4785-178, General Code, in respect to transmitting the parts of petitions to the various boards of elections.
 

 Former Section-
 
 5175-29h,
 
 General Code, was construed by this court in 1923 in
 
 State, ex rel. McCrehen,
 
 v.
 
 Brown, Secy. of State,
 
 108 Ohio St., 454, 141 N. E., 69. In the syllabus of that case this court ruled as follows:
 

 “1. Section 1
 
 g,
 
 Article II of the Constitution of Ohio, and the laws which have been ‘passed to facilitate their operation’ by the General Assembly, confer no power upon the Secretary of State to determine the sufficiency of the referendum petition or any of its parts at the time such petition is filed with the Secretary of State. The Secretary of State has neither express nor implied power to make any determination relative to such petition until after the parts thereof have been transmitted to the boards of deputy state supervisors of elections of the counties from which there appear names of electors on the parts of such petition, and after the same have been returned to the
 
 *6
 
 Secretary of State "with, certification of the numbers of signatures thereto.
 

 “2. By virtue of the provisions of Section 5175-29/j., General Code, it is the duty of the Secretary of State immediately to transmit the parts of such petition, upon the same being filed in his office, to the boards of deputy state supervisors of elections in the various counties from which there appear' names of electors on the parts of said petition, and such duty is mandatory.”
 

 The history of the foregoing legislation clearly shows the intent of the Legislature to place upon boards of elections the duty of examining signatures.
 

 While a few of the duties of the Secretary of State in respect to elections are found in the Constitution, the great majority thereof are to be found in the statutes. Duties outlined in the Constitution are mandatory and must be followed. Likewise duties prescribed by statutes to facilitate the operation of constitutional amendments and not in conflict therewith must also be followed. The last sentence of Section 1
 
 g
 
 of Article II of the’ Constitution relating to initiative and referendum powers is as follows: “Laws may be passed to facilitate their operation, but in no way limiting or restricting either such provisions or the powers herein reserved.”
 

 The question then is: Do Sections 4785-178 and 4785-179, General Code, limit or restrict the operation of the powers of the initiative and referendum? To require the Secretary of State forthwith to transmit the parts of the petition to boards of elections for the purpose of- determining the sufficiency of the signatures does not restrict or limit the referendum power. To require the boards of elections in the various counties to canvass the signatures in their own counties does not restrict or limit the referendum power. To require the Secretary of State to use the total number of valid signatures certified by the vari
 
 *7
 
 eras boards of elections for the purpose of determining the sufficiency of the referendum petition does not restrict or limit the referendum power nor is such requirement in conflict with any constitutional provision. Section 4785-179, General Code, reads in part as follows: “The petition and signatures upon the parts of the petition, properly verified, together with the report of the board, shall be returned to the Secretary of State not less than forty days before the election. The Secretary of State shall use the number of signatures so certified from the several counties to determine the sufficiency of the petitions, and shall notify the chairman of the committee in charge of the circulation as to the sufficiency or insufficiency and the extent of the insufficiency. If the petition is found insufficient because of an insufficient number of valid signatures, such committee shall be allowed ten additional days after such notification by the Secretary of State for the filing of additional signatures to such petition.” Here we have the same ten-day provision for filing additional signatures as found in the Constitution.
 

 We come now to a detailed consideration of the signatures and parts of the petition found invalid by the Secretary of -State and by reason of which he determined that the entire petition filed by the committee for the signers was not a valid referendum petition. We are obliged to modify the decision of the court in
 
 State, ex rel. McCrehen,
 
 v.
 
 Brown, Secy. of State, supra,
 
 in one respect. Section 1
 
 g
 
 of Article II of the Constitution provides for an affidavit of the circulator of each part of a petition in language as follows: “To each part of such petition shall be attached the affidavit of the person soliciting the signatures to the same, which affidavit shall contain a statement of the number of the signers of such part of such petition and shall state that each of the signatures attached to such part was made in the presence of the affiant, that
 
 *8
 
 to the best of his knowledge and belief each signature on such part is the genuine signature of the person whose name it purports to be, that he believes the persons who have signed it to be electors, that they so signed said petition with knowledge of the contents thereof, that each signer signed the same on the date stated opposite his name; and no other affidavit thereto shall be required.” It will be noted that the Constitution requires no other affidavit except the one mentioned. Section 1
 
 g
 
 of Article II continues as follows: “The petition and signatures upon such petitions,
 
 so verified,
 
 shall be presumed to be in all respects sufficient, unless not later than forty days before the election, it shall be otherwise proved and in such event ten additional days shall be allowed for the filing of additional signatures to such petition.” (Italics ours.) The Constitution is explicit that all petitions and parts of petitions
 
 thus verified
 
 according to the Constitution shall be presumed to be in all respects sufficient unless proven to be; otherwise. It is clear, therefore, that the Secretary of State was right in rejecting the parts of the petition containing 207 signatures not verified with an affidavit as provided in the Constitution. In other respects the signatures on the petition are presumed to be sufficient unless proven otherwise according to the procedure outlined in the statutes. Deducting 207 signatures from the total number filed (146,-347) leaves 146,140 signatures, which is not less than six per cent of the total vote cast at the preceding gubernatorial election. The petition therefore meets the requirements of the Constitution' for filing purposes. This number of signatures presumed to be sufficient under the Constitution required the Secretary of State to accept the petition and transmit the parts thereof to the boards of elections in the various counties as provided by law.
 

 The petition meeting the requirements of the Constitution and the law for filing purposes, the effective
 
 *9
 
 date of the act was postponed and the appointment of the respondent as a member of the Civil Service Commission was void and of no effect. The demurrer to the answer is sustained and an order of ouster is granted.
 

 Judgment of^ouster.
 

 Weygandt, C. J., Zimmerman, Williams and Myers, JJ., concur.