CAPPELLETTI ET AL. *v.* CELEBREZZE, JR., SECY. OF STATE.

(No. 79-410—Decided June 13, 1979.)

396

*Messrs. Clayman & Jaffy, Mr. Stewart R. Jaffy* and *Mr. Malcolm L. Goodman,* for relators.

*Mr. William J. Brown,* attorney general, *Mr. David P. Hiller* and *Mr. Thomas V. Martin,* for respondent.

*Per Curiam.* The order in Section 1*b* of Article II of the Ohio Constitution directing the Secretary of State to transmit a petition proposing a law to the General Assembly as soon as it convenes is triggered only when that petition is both filed with, and found to be sufficient by, the Secretary of State. The phrase, "verified as herein provided," found in Section 1*b*, is a phrase used throughout Article II of the Constitution. We conclude that this phrase requires the Secretary of State as chief elections officer to first determine that the petition contains the purported signatures of three percentum of the electors of the state, for that requirement is fundamental to the constitutional reservation of the right of initiative to the people. We reject relators' argument that the presumption of suf-

ficiency of the petition and its signatures, contained in Section 1*g* of Article II, eliminates the further steps of determining whether the petition has been properly verified and establishing the eligibility of the signers as electors. Verification and the determination of the status of the signers can best be, and is by statute to be, performed by sending the petitions purporting upon their face to contain more than the required number of signatures, affixed and certified as explicitly required by constitutional directions contained in that article, to the county boards of election to be viewed together with the records there kept for the purpose of assisting the Secretary of State in arriving at his verification of the signatures and his determination of the qualifications as elector of the individual resident signers.

The fact that such inquiry is contemplated by the language of the constitutionally provided presumption is implicit in its terms, for they provide that the presumption is subject to disproof up until 40 days before an election. It is evident that such disproof might be accomplished in various ways, but it is accomplished most effectively by the boards of elections, which have control of the election and registration records and poll books of those whose addresses have been given in connection with the signing, comparing the purported signatures with those enrolled in these records.

This court has expressly so decided in *State, ex rel. Herbert,* v. *Mitchell* (1939), 136 Ohio St. 1, cited with approval in *State, ex rel. Tully,* v. *Brown* (1972), 31 Ohio St. 2d 188, wherein this court has stated that G. C. 4785-178, now R. C. 3519.15, requires that the Secretary of State transmit part petitions to the boards of elections of the appropriate counties to be "verified" as to voting qualifications of each signer and that this requirement does not limit or restrict the operation of the constitutional powers of initiative and referendum in violation of Section 1*g*, Article II of the Constitution.

Further, in support of this position that the Secretary of State is to immediately transmit such matters to the

various boards of elections in these types of proceedings, the syllabus in *State, ex rel. McCrehen,* v. *Brown* (1923), 108 Ohio St. 454, a cause involving a referendum, is as follows:

"1. Section 1*g,* article II of the constitution of Ohio and the laws which have been 'passed to facilitate their operation' by the general assembly, confer no power upon the secretary of state to determine the sufficiency of the referendum petition or any of its parts at the time such petition is filed with the secretary of state. The secretary of state has neither express nor implied power to make any determination relative to such petition until after the parts thereof have been transmitted to the boards of deputy state supervisors of elections of the counties from which there appear names of electors on the parts of such petition, and after the same have been returned to the secretary of state with certification of the numbers of signatures thereto.

"2. By virtue of the provisions of section 5175.29*h,* General Code, it is the duty of the secretary of state immediately to transmit the parts of such petition, upon the same being filed in his office, to the boards of deputy state supervisors of elections in the various counties from which there appear names of electors on the parts of said petition, and such duty is mandatory."

Although we are disturbed by the delays which it is alleged are being occasioned by the procedure legislatively authorized by R. C. 3519.16, we reserve any judgment as to whether this statute would pass constitutional muster if properly attacked. We conclude that under the facts here involved there is no clear duty for the Secretary of State either to transmit the petitions to the General Assembly or to certify the number of signatures by which the petitions are deficient so as to start the 10-day period for gathering additional signatures.

For reason of the foregoing, the writ is denied.

*Writ denied.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.