OPINION
{¶ 1} Appellant/Cross-Appellee Alyce Lucille Thornton ("appellant") appeals the decision of the Fairfield County Court of Common Pleas that affirmed the decision to annex approximately 227 acres of land in Violet Township to Appellee/Cross-Appellant Village of Canal Winchester ("Appellee Village of Canal Winchester"). The following facts give rise to this appeal.
 {¶ 2} On July 26, 2001, prior to the commencement of the annexation proceedings that give rise to this appeal, Governor Taft signed S.B. 5 and filed it with the secretary of state the following day. Pursuant to Article II, Section 1(c) of the Ohio Constitution, S.B. 5 would become effective ninety days after the governor filed the bill with the secretary of state. Accordingly, S.B. 5 was to be effective on October 26, 2001. However, on October 25, 2001, a petition to put S.B. 5 to a statewide referendum was filed with the secretary of state. On December 4, 2001, the secretary of state notified the referendum petitioners that the petition did not contain the required number of signatures and advised them of their ten-day constitutional right to cure any defects in the petitions.
 {¶ 3} On December 7, 2001, the referendum petitioners sued the secretary of state, in the Franklin County Court of Common Pleas, contesting the secretary of state's notification and his determination that the petitions were invalid due to a lack of signatures. The Franklin County Court of Common Pleas ordered the secretary of state to issue a new notification to the referendum petitioners with an exact numerical description of the deficient petitions. Pursuant to this ruling, the secretary of state issued a new notification on February 21, 2002.
 {¶ 4} Thereafter, on March 1, 2002, prior to the secretary of state's determination regarding the validity of the referendum petition, Appellees Robert and Wilma Snider filed a petition for annexation of 227.296 acres of land from Violet Township to Appellee Village of Canal Winchester. Appellant Thornton owns approximately 100 acres and Appellees Sniders own the remaining 127 acres. On March 4, 2002, the referendum petitioners filed supplemental petitions with signatures in support of the referendum. On March 27, 2002, the secretary of state certified the referendum petition invalid for lack of signatures.
 {¶ 5} On June 11, 2002, the Fairfield County Commissioners conducted a hearing on Appellees Sniders' petition. On August 20, 2002, the commissioners passed Resolution No. 02-08-20.h approving the annexation. Appellant Thornton appealed the commissioners' decision by filing both an R.C. 709.07 injunction action and an R.C. Chapter 2506 administrative appeal. On August 21, 2003, the trial court entered judgment in both cases. In the administrative appeal, the trial court determined that S.B. 5 became effective on October 26, 2001. Since Appellees Sniders filed the petition for annexation on March 1, 2002, S.B. 5 applied and Appellant Thornton's available remedy was an administrative appeal pursuant to R.C. Chapter 2506.
 {¶ 6} After making this finding, the trial court reviewed the record before the commissioners and determined that the preponderance of the evidence supported the commissioners' approval of the petition for annexation and that the commissioners' resolution was neither unconstitutional, illegal, arbitrary, capricious or unreasonable. Judgment Entry, Aug. 21, 2003, Case No. 02 CV 676, at 5. In a separate judgment entry filed on this same date, the trial court dismissed as moot appellant's injunction action. See Judgment Entry, Aug. 21, 2003, Case No. 02 CV 756.
 {¶ 7} Appellant appeals from both judgment entries and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. The trial court's decision upholding the fairfield county commissioners' granting of the annexation of 227.296 ± acres to the village of canal winchester is illegal, arbitrary, capricious, unreasonable and unsupported by a preponderance of the substantial, reliable and probative evidence on the record as a whole, as a matter of law.
 {¶ 9} "II. The trial court erred in making a determination on the merits of the annexation without the identification of the issues by assignments of error or briefs of the parties.
 {¶ 10} "III. If this court finds the trial court erred in its determination that the `new' annexation law applies in this case, then the trial court erred in dismissing the r.c. 709.07 injunction action filed under the `former' annexation law."
 Cross-Appeal of Appellees Ken Salak, Eugene L. Hollins, Robert J. Snider, Wilma J. Snider and Village of Canal Winchester {¶ 11} "I. That: (1) S.B. 5's effective date was October 26, 2001, and (2) MS. Thornton's remedy was a chapter 2506 appeal, when the trial court should have ruled that: (1) S.B. 5's effective date was March 27, 2002, which law did not apply to the petition, and (2) MS. Thornton's exclusive remedy was an r.c. 709.07 injunction action."
 Cross-Appeal of Violet Township Board of Trustees {¶ 12} "I. The trial court committed harmless error when it determined that sb5 applied to the petition for annexation and, based on that determination, ruled on the challenge to the board's decision in the r.c. chapter 2506 administrative appeal action, rather than ruling on it in the R.C. 709.07 injunction action."
Direct Appeal
 III {¶ 13} We will address Appellant Thornton's Third Assignment of Error first as we find it dispositive of this matter on appeal.
 {¶ 14} In this assignment of error, appellant maintains that if we conclude the trial court erred in its determination of the effective date of S.B. 5, then the dismissal of her R.C. 709.07 injunction action was improper. For the following reasons, we find the trial court erred when it determined the effective date of S.B. 5 was October 26, 2001. In its judgment entry, the trial court addressed the effective date of S.B. 5 and stated as follows:
 {¶ 15} "* * * [T]his Court determines the effective date of S.B. 5 to be October 26, 2001 — its original effective date. This Court reaches that conclusion because the language of Art. II, § 1c of the Ohio Constitution provides that `no such law, section or item shall go into effect until and unless approved by a majority of those voting upon the same.' Finding that language to be controlling, this Court surmises that the converse would also be true — that a law, section or item goes into effect on the date assigned if no referendum petition is filed. Here, the referendum petition filed by petitioners was deficient. This Court finds that, as such, the referendum petition was void ab initio. Being void abinitio, it is as if the referendum petition was never filed. Thus, the effective date of S.B. 5 remains as originally set forth — October 26, 2001." Judgment Entry, Aug. 21, 2001, Case No. 02 CV 676, at 3.
 {¶ 16} Appellant maintains the trial court correctly determined that S.B. 5 became effective on October 26, 2001 and that her remedy to challenge the commissioners' decision was an R.C. Chapter 2506 appeal. However, appellant concedes that if we find S.B. 5 was not in effect when Appellees Sniders filed their annexation petition, then the trial court's dismissal of the injunction action was in error. In their respective briefs, appellees first contend appellant has waived the issue of what version of the law applies by not raising the matter before the commissioners. Although the record indicates appellant did not address this issue before the commissioners, we will review this issue under the plain error doctrine.
 {¶ 17} Implementation of the plain error doctrine is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Reichert v. Ingersoll (1985),18 Ohio St.3d 220, 223; State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. The plain error doctrine permits correction of judicial proceedings where error is clearly apparent on the face of the record and is prejudicial to the appellant. Reichert at 223. See, also,State v. Eiding (1978), 57 Ohio App.2d 111, 120. Although the plain error doctrine is a principle applied almost exclusively in criminal cases, the Ohio Supreme Court has stated that the doctrine may also be applied in civil causes, if the error complained of `would have a material adverse affect on the character and public confidence in judicial proceedings." Reichert at 223, citing Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 209; Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285, 288.
 {¶ 18} The application of the correct law is important for public confidence in judicial proceedings and therefore, we will apply the plain error doctrine and review the issue of whether S.B. 5 was effective on October 26, 2001. In addressing this issue, we begin by referring to Article II, Section 1 of the Ohio Constitution. This section of the constitution reserves to the people of the State of Ohio the power of referendum, a power which serves as a check on the General Assembly by permitting laws or parts of laws passed by that body to be submitted to the voters for approval or rejection. See State ex rel. Ohio AFL-CIO v.Voinovich, 69 Ohio St.3d 225, 1994-Ohio-1, at 234.
 {¶ 19} Article II, Section 1 provides, in pertinent part:
 {¶ 20} "[T]he people reserve to themselves the power to propose to the general assembly laws and amendments to the constitution, and to adopt or reject the same at the polls on a referendum vote as hereinafter provided. They also reserve the power to adopt or reject any law, section of any law or any item in any law appropriating money passed by the general assembly, except as hereinafter provided * * *."
 {¶ 21} Further, Article II, Section 1c of the Ohio Constitution provides that "[n]o law passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state, except as herein provided." "The purpose of a delayed effective date is to provide Ohio citizens an opportunity to accept or reject the law by referendum." Laidlaw WasteSystems, Inc. v. Consol. Rail Corp., 85 Ohio St.3d 413, 414, 1999-Ohio-403. However, laws that appropriate money for current state government expenses, tax levies or emergency laws go into effect immediately and are not subject to referendum. Id. See Article II, Section 1d of the Ohio Constitution.
 {¶ 22} The trial court concluded the referendum petition was void ab initio. This conclusion contradicts Article II, Section 1g of the Ohio Constitution, which provides for the presumptive validity of signatures on a referendum petition until such signatures are later determined to be invalid. This provision states as follows:
 {¶ 23} "The petition and signatures on such petitions shall be presumed to be in all respects sufficient, unless not later than forty days before the election, it shall be otherwise proved and in such event ten additional days shall be allowed for the filing of additional signatures to such petition."
 {¶ 24} Finally, where a referendum petition containing signatures of six percent of the electors of Ohio is filed, "no law, section, or item shall go into effect until approved by a majority of those voting upon the same." See Ohio Constitution, Article III, Section 1c.
 {¶ 25} Based upon the above sections of the Ohio Constitution, appellees contend once the secretary of state certified the petition seeking a constitutional referendum on S.B. 5 as being invalid, the constitutional stay was lifted and S.B. 5 became effective. This occurred on March 27, 2002. In support of this argument, appellees cite In RePetition of Property Owners For Annexation of 86.98 Acres to the City ofLoveland, a Hamilton County Common Pleas case, Case No. A0206625. In theCity of Loveland case, the trial court determined that S.B. 5's effective date was stayed since the referendum petition contained the requisite number of signatures on its face. Id. at 4. Therefore, annexation petitions filed after October 26, 2001 were still subject to the old law. Id.
 {¶ 26} The Ohio Supreme Court recognized the filing of a referendum petition stays the effective date of a statute in State ex rel. Herbertv. Mitchell (1939), 136 Ohio St. 1. Relator filed a petition seeking a referendum on H.B. 14, which, among other things, added one more member to the Civil Service Commission. Id. at 2. Relator argued on appeal that the filing of the referendum petition postponed the effective date of H.B. 14. Id. However, following the alleged effective date of H.B. 14, the governor appointed a third member to the Civil Service Commission. Id.
 {¶ 27} Relator maintained a third person should not have been appointed to the Civil Service Commission, pursuant to H.B. 14, because the new law was not in effect at the time of the appointment due to the filing of the referendum petition. Id. Although the principal issue addressed in the case concerned the duties of the secretary of state upon the filing of a referendum petition, the Court ultimately determined that the referendum petition met the filing requirements. Id. at 8. Therefore, the Court concluded the effective date of H.B. 14 was postponed and the appointment of a third member to the Civil Service Commission was void and of no effect. Id. at 9.
 {¶ 28} In the case sub judice, the referendum petition met the constitutional requirement for filing purposes. The number of signatures presumed to be sufficient required the secretary of state to accept the petition. Having met the necessary requirements for filing purposes, the effective date of S.B. 5 was postponed until the secretary of state certified the referendum petition invalid on March 27, 2002.
 {¶ 29} As such, the effective date of S.B. 5 was postponed and did not go into effect until after Appellees Sniders filed their petition for annexation. Therefore, the trial court should have applied the old law instead of S.B. 5. Accordingly, we conclude the dismissal of appellant's injunction action pursuant to R.C. 709.07, in Case No. 02 CV 756, was in error. We will not address appellant's First or Second Assignments of Error as they are moot based upon our disposition of appellant's Third Assignment of Error.
 {¶ 30} Appellant's Third Assignment of Error is sustained.
Cross-Appeals
 {¶ 31} We will address the cross-assignments of error filed by Appellees/Cross-Appellants Ken Salak, Eugene L. Hollins, Robert J. Snider, Wilma J. Snider, Village of Canal Winchester and Violet Township Board of Trustees simultaneously as both raise the same arguments. Appellees/Cross-Appellants first maintain the trial court erred when it applied S.B. 5. As noted above, we agree with this argument. However, appellees/cross-appellants contend this error was harmless.
 {¶ 32} In the case of In re Petition of Annex 320 Acres to the Villageof South Lebanon, 64 Ohio St.3d 585, 595, the Ohio Supreme Court explained the different standards of review between an injunction action and an administrative appeal. The Court stated:
 {¶ 33} "R.C. 709.07 places an increased burden upon the party bringing the action to prove that the board of county commissioners erred in its determination. In essence, the complaining party seeking to enjoin an approved annexation must establish by clear and convincing evidence that the annexation would adversely affect the petitioner's legal rights or interest, and there was error in the board proceedings, or the result reached by the board was unreasonable or unlawful. This standard of review is highly deferential to the board of county commissioners. However, when a party brings a Section 2506 appeal a virtual de novo examination of the record is conducted by the court pursuant to R.C.2506.04."
 {¶ 34} Appellees/Cross-Appellants contend that although the trial court should have applied the standard of review applicable in an injunction action under R.C. 709.07, rather than the standard of review set forth in a R.C. Chapter 2506 appeal, the error was harmless because the standard utilized by the trial court was more favorable to appellant. Thus, appellees/cross-appellants conclude there is no need to remand the R.C. 709.07 injunction case to the trial court for further consideration.
 {¶ 35} In support of this argument, appellees/cross-appellants citeNeff v. City of Westerville (Mar. 4, 1986), Franklin App. Nos. 85AP-289, 85AP-512, 85AP-605, wherein the Franklin County Court of Appeals held that even though the trial court applied the wrong burden of proof, no prejudice resulted because the trial court followed a more favorable procedure than would be the proper standard. Id. at 15-16.
 {¶ 36} We decline to apply the Neff analysis to the case sub judice. The trial court dismissed Case No. 02 CV 756, the injunction action, which is the case the trial court should have reviewed. Accordingly, appellees/cross-appellants' cross-assignments of error are sustained in part and reversed in part. We agree that S.B. 5 does not apply. However, we do not agree that the application of the standard of review applicable in a R.C. Chapter 2506 appeal was harmless error. The trial court's dismissal of Case No. 02 CV 756 is reversed and this matter is remanded to the trial court for the court to apply the correct law and applicable standard of review.
 {¶ 37} Appellees/Cross-Appellants' cross-assignments of error are sustained in part and reversed in part.
 {¶ 38} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J. Gwin, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellees/Cross-Appellants.